Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
OCTAVIO GONZALEZ, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

              -against-

TWO PETERS DELI OF SMITHTOWN INC. (d/b/a TOWNHOUSE RESTAURANT) PETER APESSOS, and JUSTIN CRUZ,

                *Defendants.*
------------------------------------------------------------------X

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Octavio Gonzalez ("Plaintiff Gonzalez" or "Mr. Gonzalez"), individually and on behalf of others similarly situated ("Plaintiff Gonzalez"), by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants Two Peters Deli of Smithtown Inc. (d/b/a/ Townhouse Restaurant) ("Defendant Corporation"), Peter Apessos, and Justin Cruz (collectively, "Defendants"), alleges upon information and belief as follows:

### NATURE OF ACTION

1.      Plaintiff Gonzalez was an employee of Defendants Two Peters Deli of Smithtown Inc. (d/b/a/ Townhouse Restaurant), Peter Apessos, and Justin Cruz who own and operate Townhouse Restaurant.

1

2. Townhouse Restaurant is a restaurant owned by Peter Apessos and Justin Cruz, located at 129 Dreiser Loop, Bronx, NY 10475.

3. Upon information and belief, Defendants Peter Apessos and Justin Cruz serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Gonzalez was an employee of Defendants.

5. Plaintiff Gonzalez worked long days as a cook at the restaurant located at 129 Dreiser Loop, Bronx, New York 10475.

6. Plaintiff Gonzalez regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked over 40 each week.

7. Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Gonzalez appropriately for any hours worked over 40.

8. Further, defendants failed to pay Plaintiff Gonzalez the required "spread of hours" pay for any day in which he worked over 10 hours per day.

9. Defendants' conduct extended beyond Plaintiff Gonzalez to all other similarly situated employees.

10. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Gonzalez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiff Gonzalez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Gonzalez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Gonzalez's state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Gonzalez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Octavio Gonzalez ("Plaintiff Gonzalez" or "Mr. Gonzalez") is an adult individual residing in Bronx County, New York.

16. Plaintiff Gonzalez was employed by Defendants from approximately January 11, 2016 until on or about December 27, 2016.

17. At all relevant times to this complaint, Plaintiff Gonzalez was employed by Defendants as a cook at Townhouse Restaurant, located at 129 Dreiser Loop, Bronx, New York NY 10475.

18. Plaintiff Gonzalez consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19. Defendants own, operate and/or control a Restaurant located at 129 Dreiser Loop, Bronx, New York, 10475 under the name of Townhouse Restaurant, at all times relevant to this complaint.

20. Upon information and belief, Defendant Two Peters Deli of Smithtown Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 129 Dreiser Loop, Bronx, New York, NY, 10475.

21. Defendant Peter Apessos is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

22. Defendant Peter Apessos is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

23. Defendant Peter Apessos possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

24. Defendant Peter Apessos determined the wages and compensation of employees, including Plaintiff Gonzalez, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

25. Defendant Justin Cruz is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

26. Defendant Justin Cruz is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

27. Defendant Justin Cruz possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

28. Defendant Justin Cruz determined the wages and compensation of employees, including Plaintiff Gonzalez, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

29. Defendants operate a restaurant located at 129 Dreiser Loop, Bronx, NY, 10475.

30. Individual Defendants Peter Apessos and Justin Cruz possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiff Gonzalez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Gonzalez, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiff Gonzalez, and all similarly situated individuals, and are Plaintiff Gonzalez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiff Gonzalez and/or similarly situated individuals.

35.     Upon information and belief, Individual Defendants Peter Apessos and Justin Cruz operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

>   (a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;
>
>   (b)     defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;
>
>   (c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of their own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

36. At all relevant times, Defendants were Plaintiff Gonzalez's employers within the meaning of the FLSA and NYLL.

37. Defendants had the power to hire and fire Plaintiff Gonzalez, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Gonzalez's services.

38. In each year from 2016 to the present, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

40. Plaintiff Gonzalez is a former employee of Defendants, who was employed as a cook.

41. Plaintiff Gonzalez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Octavio Gonzalez*

42. Plaintiff Gonzalez was employed by Defendants from approximately January 11, 2016 until on or about December 27, 2016.

43. At all relevant times, Plaintiff Gonzalez was employed by Defendants to work as a cook.

44. Plaintiff Gonzalez regularly handled goods in interstate commerce, such as food, condiments and supplies necessary to perform his duties as a cook.

45. Plaintiff Gonzalez's work duties required neither discretion nor independent judgment.

46. Throughout his employment with Defendants, Plaintiff Gonzalez regularly worked in excess of 40 hours per week.

47. From approximately January 11, 2016 until on or about December 27, 2016, Plaintiff Gonzalez worked from approximately 9:00 a.m. until on or about 7:30 p.m. Thursdays through Tuesdays (typically 63 hours per week).

48. Throughout his employment with defendants, Plaintiff Gonzalez was paid his wages in cash.

49. From approximately January 11, 2016 until on or about December 27, 2016, Plaintiff Gonzalez was paid a flat weekly salary of $750.00 per week.

50. Plaintiff Gonzalez's wages did not vary regardless of how many additional hours he worked in a week.

51. For example, Defendants required Plaintiff Gonzalez to work 30 minutes past his scheduled departure time each day without compensating him for the additional time they required him to work.

52. Plaintiff Gonzalez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

53. Defendants did not provide Plaintiff Gonzalez with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

54. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Gonzalez regarding wages as required under the FLSA and NYLL.

55. Defendants did not provide Plaintiff Gonzalez with each payment of wages a statement of wages, as required by NYLL 195(3).

56. Defendants did not give any notice to Plaintiff Gonzalez, in English and in Spanish (Plaintiff Gonzalez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

57. Defendants regularly required Plaintiff Gonzalez to work in excess of forty (40) hours per week without paying him the required spread of hours pay and overtime compensation.

58. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Gonzalez and all similarly situated employees to work in excess of

9

forty (40) hours per week without paying them appropriate overtime compensation, as required by federal and state laws.

59. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

60. Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Gonzalez with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Gonzalez's relative lack of sophistication in wage and hour laws.

61. Defendants paid Plaintiff Gonzalez all of his wages in cash.

62. Defendants paid Plaintiff Gonzalez affixed weekly salary regardless of the number of hours he worked each week.

63. Plaintiff Gonzalez was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

64. Defendants habitually required Plaintiff Gonzalez to work additional hours beyond his regular shifts but did not provided him with any additional compensation.

65. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Gonzalez by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

66. Defendants also failed to provide Plaintiff Gonzalez with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Gonzalez's relative lack of sophistication in wage and hour laws.

67. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Gonzalez (and similarly situated individuals) worked, and to avoid paying Plaintiff Gonzalez properly for his full hours worked, including overtime and spread of hours pay.

68. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

69. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Gonzalez and other similarly situated current and former employees.

70. Defendants failed to provide Plaintiff Gonzalez and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

11

71. Defendants failed to provide Plaintiff Gonzalez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

72. Plaintiff Gonzalez brings his FLSA overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Townhouse Restaurant (the "FLSA Class").

73. At all relevant times, Plaintiff Gonzalez and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Gonzalez's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

74. The claims of the Plaintiff stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

75. Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though fully set forth herein.

76. Defendants, in violation of the FLSA, failed to pay Plaintiff Gonzalez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

77. Defendants' failure to pay Plaintiff Gonzalez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

78. Plaintiff Gonzalez (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF**
**THE NEW YORK STATE LABOR LAWS**

79. Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though fully set forth herein.

80. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Gonzalez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

81. Defendants' failure to pay Plaintiff Gonzalez (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

82. Plaintiff Gonzalez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR**

83. Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though fully set forth herein.

84. Defendants failed to pay Plaintiff Gonzalez (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Gonzalez's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.*, and 650 *et seq.*, and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

85. Defendants' failure to pay Plaintiff Gonzalez (and the FLSA Class members) an additional hour's pay for each day Plaintiff Gonzalez's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

86. Plaintiff Gonzalez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

87. Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though fully set forth herein.

88. Defendants failed to provide Plaintiff Gonzalez with a written notice, in English and in Spanish (Plaintiff Gonzalez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

89. Defendants are liable to Plaintiff Gonzalez in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

90. Plaintiff Gonzalez repeats and re-alleges all paragraphs above as though set forth fully herein.

91. Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

92. Defendants are liable to Plaintiff Gonzalez in the amount of $5,000, together with

costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gonzalez respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gonzalez and the FLSA class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Gonzalez's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Gonzalez and the FLSA class members;

(e) Awarding Plaintiff Gonzalez and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Gonzalez and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and

damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gonzalez and the members of the FLSA Class;

(h) Declaring that defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Gonzalez;

(i) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Gonzalez's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Gonzalez and the FLSA Class members;

(k) Awarding Plaintiff Gonzalez and the FLSA class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as spread of hours pay under the NYLL;

(l) Awarding Plaintiff Gonzalez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(m) Awarding Plaintiff Gonzalez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Gonzalez and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Gonzalez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
June 29, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____
By:   Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff Gonzalez*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 12, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:       Octavio Gonzalez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:   *Octavio [signature]*

Date / Fecha:       12 de enero de 2017

4 de Noviembre del 2016

*Certified as a minority-owned business in the State of New York*