UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OCTAVIO GONZALEZ, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>TWO PETERS DELI OF SMITHTOWN INC. (d/b/a TOWNHOUSE RESTAURANT) PETER APESSOS, and JUSTIN CRUZ<br>*Defendants.* | 17-cv-4976-VEC<br><br>SETTLEMENT AGREEMENT<br>AND<br><u>RELEASE</u> |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Octavio Gonzalez ("Plaintiff") on the one hand, Two Peters Deli of Smithtown Inc. (d/b/a Townhouse Diner) (the "Defendant Corporation"), Peter Apessos and Justin Cruz (the "Individual Defendants") (collectively the Defendant Corporation and the Individual Defendants are the "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-CV-04976 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Forty Two Thousand Dollars (**$42,000**) (the "Settlement Amount") to be paid to Plaintiff's attorneys, as follows:

1231196.1

(a)     Installment One:  A check in the amount of Thirty Thousand Dollars ($30,000.00), representing Defendants' initial payment, shall be due and payable, to "Michael A. Faillace, Esq., as Attorney for Plaintiff," for immediate deposit thirty (30) days after the Court enters and order approving this Agreement (the "Effective Date"). Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(b)     Installment Two: A check in the amount of One Thousand Dollars ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit thirty days (30) after the due date of Installment One under this Agreement, delivered to Plaintiff's counsel. Determination of Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(c)     Installment Three: A check in the amount of One Thousand Dollars ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit thirty days (30) after the due date of Installment Two under this Agreement, delivered to Plaintiff's counsel. Determination of Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(d)     Installment Four: A check in the amount of One Thousand Dollars ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit thirty days (30) after the due date of Installment Three under this Agreement, delivered to Plaintiff's counsel. Determination of Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(e)     Installment Five: A check in the amount of One Thousand Dollars ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit thirty days (30) after the due date of Installment Four under this Agreement, delivered to Plaintiff's counsel. Determination of Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(f)     Installment Six: A check in the amount of One Thousand Dollars ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit thirty days (30) after the due date of Installment Five under this Agreement, delivered to Plaintiff's counsel. Determination of Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(g)     Installment Seven: A check in the amount of One Thousand Dollars ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit thirty days (30) after the due date of Installment Six under this Agreement, delivered to Plaintiff's counsel. Determination of Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(h)     Installment Eight: A check in the amount of One Thousand Dollars ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit thirty days (30) after the due date of Installment Seven under this Agreement, delivered to

Plaintiff's counsel. Determination of Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(i)     Installment Nine: A check in the amount of One Thousand Dollars ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit thirty days (30) after the due date of Installment Eight under this Agreement, delivered to Plaintiff's counsel. Determination of Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(j)     Installment Ten: A check in the amount of One Thousand Dollars ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit thirty days (30) after the due date of Installment Nine under this Agreement, delivered to Plaintiff's counsel. Determination of Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(k)     Installment Eleven: A check in the amount of One Thousand Dollars ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit thirty days (30) after the due date of Installment Ten under this Agreement, delivered to Plaintiff's counsel. Determination of Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(l)     Installment Twelve: A check in the amount of One Thousand Dollars ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit thirty days (30) after the due date of Installment Eleven under this Agreement, delivered to Plaintiff's counsel. Determination of Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(m)     Installment Thirteen: A check in the amount of One Thousand Dollars ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit thirty days (30) after the due date of Installment Twelve under this Agreement, delivered to Plaintiff's counsel. Determination of Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Defendants shall have the right to pre-pay any portion of the payment due under this Agreement. In the event that Defendants complete a total payment of Forty Thousand Dollars and Zero Cents ($40,000.00) by the date that is 180 days from the date the Court enters an order approving this Agreement, Defendants will be released from their obligation under this Agreement to pay the remaining Two Thousand Dollars and Zero Cents ($2,000.00) to Plaintiffs.

Defendants shall have the right, but not the obligation, to provide Plaintiff's counsel with one or more post-dated checks for payment of any or all of the installment payments required to be paid under this Agreement. Plaintiff's counsel shall not deposit any post-dated check so provided until the applicable due date of the installment payment (as established in accordance with Section 1, above) for which the post-dated check was provided.

2.      Concurrently with the execution of this Agreement, each of the Defendants shall execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits A, B and C respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff's counsel, and will not be entered and/or filed at any time other than the occurrence of an Event of Default.

For purposes of this Agreement, an Event of Default occurs when (i) the Defendants fail to make any of the installment payments set forth above by the applicable due date, <u>or</u> any payment made by Defendants fails to clear Plaintiff's counsel's escrow account, <u>and</u> (ii) Defendants fail to cure such default within 10 business days of delivery of written notice to Defendants by certified mail at 129 Dreiser Loop, Bronx, NY 10475 ("Notice of Default"), with a courtesy email copy to Defendants' counsel, David Leamon, at david.leamon@leamonlegal.com. Any such Notice of Default shall be rebuttably presumed to have been received by Defendants 3 days after it is mailed.

3.      <u>Release and Covenant Not To Sue</u>:  Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the allegations and claims in the Litigation that have occurred as of the Effective Date of this Agreement.  Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the allegations and claims in the Litigation that have occurred as of the Effective Date of this Agreement including any and all claims arising under federal, state or local statute or regulation (including but not limited to, any and all claims under the Fair Labor Standards Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act, the Occupational Safety and Health Act., the Employee Retirement Income Security Act, the Sarbanes-Oxley Corporate Fraud and Accountability Act, the American with Disabilities Act, Sections 1981 of Title 42 of the United Sates Code, the immigration reform and Control Act, the National Labor Relations Act, the False Claims Act, the New York State Human Rights Act, New York State Executive Law, New York State Labor Law, and the Codes, Rules and regulations of the State of New York), contract (express or implied), constitutional provision, and/or common law.

4.      <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of the truth or accuracy of any of Plaintiff's allegations in the Litigation, of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5.      <u>Dismissal of the Litigation</u>: Plaintiff shall file with the Court in this Litigation, within seven (7) days of receipt of the executed Agreement, a Notice of Voluntary Dismissal

with Prejudice. In the event that additional documentation is needed to terminate the Litigation, Plaintiff shall execute and submit all documents required to terminate such proceedings.

      6.    <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by Plaintiff and each of the Defendants, or their respective authorized representatives

      7.    <u>Acknowledgment:</u> Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

      8.    <u>Notices</u>: Except for any Notices of Default to be given pursuant to Section 2 of this Agreement, notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

David Leamon
LeamonLegal
116 Hideaway Lane Central
Hideaway, TX 75771
T (212) 203-5973
F (212) 320-0354
david.leamon@leamonlegal.com

      9.    <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States

District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10. **Enforceability:** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. **Release Notification:** Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he has made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

12. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile or electronic transmission. Electronic signatures shall be deemed as the parties' original signatures.

**Plaintiff:**

Date: 4/23/18                           By: _Octavio Gonzalez_ (signature)
                                            Octavio Gonzalez

**Defendants:**

Two Peters Deli of Smithtown Inc.
(d/b/a Townhouse Diner)

By: _____             By: _____

Print Name _____      Print Name: _____

Date: _____           Date: _____

District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. Release Notification: Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he has made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

12. Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile or electronic transmission. Electronic signatures shall be deemed as the parties' original signatures.

Plaintiff:

Date: 4/24/18    By: _____
                     Octavio Gonzalez

Defendants:

Two Peters Deli of Smithtown Inc.
(d/b/a Townhouse Diner)

By: _____    By: _____
Print Name Justin Cruz        Print Name: _____
Date: 4/24/18                 Date: _____

6

Date: _____          By: _____
                                        Peter Apessos

Date: __4/24/18__              By: _____
                                        Justin Cruz

District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. <u>Release Notification</u>: Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he has made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

12. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile or electronic transmission. Electronic signatures shall be deemed as the parties' original signatures.

<u>Plaintiff</u>:

Date: _____         By: _____
                                  Octavio Gonzalez

<u>Defendants</u>:

Two Peters Deli of Smithtown Inc.
(d/b/a Townhouse Diner)
By: _Peter Any_ (signature)        By: _____
Print Name: _Peter Apessoi_        Print Name: _____
Date: _4/24/18_                    Date: _____

6

Date: 4/24/18                                    By: _____*Peter*_____
                                                      Peter Apessos

Date: _____                                 By: _____
                                                      Justin Cruz

7

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
-------------------------------------- x

OCTAVIO GONZALEZ, *individually and on behalf of others similarly situated*,

                   *Plaintiff*,

-against-

TWO PETERS DELI OF SMITHTOWN INC. (d/b/a TOWNHOUSE RESTAURANT) PETER APESSOS, and JUSTIN CRUZ,

                   *Defendants*.

-------------------------------------- x

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK   )
                           : ss.:
COUNTY OF               )

PETER APESSOS, being duly sworn, deposes and says:

1.    I reside in __Suffolk__ County.

2.    I am the President of Two Peters Deli of Smithtown Inc. I am duly authorized to make this affidavit of confession of judgment on behalf of Two Peters Deli of Smithtown Inc.

3.    Two Peters Deli of Smithtown Inc., maintains its principal place of business at 129 Dreiser Loop, Bronx, NY 10475.

4.    This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of that certain Settlement Agreement and Release (the "Agreement") by and between Octavio Gonzalez ("Plaintiff") and Two Peters Deli of Smithtown Inc. (d/b/a Townhouse Restaurant), Peter Apessos and Justin Cruz (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, which provides that Defendants are obligated to pay a total sum of $42,000 to Plaintiff, by and through his attorney, Michael Faillace & Associates, P.C., attention Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165.

5.    Pursuant to the terms of the Agreement, I hereby confess judgment and authorize entry thereof in New York County against Two Peters Deli of Smithtown Inc. in favor of Plaintiff for 125% of the remaining sum due under the Agreement.

6.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and

provisions of the Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, as a judgment for Fifty Thousand Dollars ($42,000.00) (less any amounts already paid to Plaintiff pursuant to the above schedule) times 125%, against Two Peters Deli of Smithtown Inc.

Two Peters Deli of Smithtown Inc.

_____
PETER APESSOS
Title:

STATE OF _New York_ )
                        : ss.:
COUNTY OF _Suffolk_ )

On _April 24th_, 2018, before me personally came _Peter Apessos_, to me known, who, by me duly sworn, did depose and say that deponent resides at _34 Woodbury Rd Hauppauge NY 11788_, that deponent is the President of Two Peters Deli of Smithtown Inc. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Two Peters Deli of Smithtown Inc. and was authorized to do so.

_____
Notary Public

PAUL GONZALEZ
Notary Public, State of New York
No. 01GO6318196
Qualified in Suffolk County
Commission Expires Jan. 20, 20_19_

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------x

OCTAVIO GONZALEZ, *individually and on behalf of others similarly situated*,

              *Plaintiff*,

      -against-

TWO PETERS DELI OF SMITHTOWN INC. (d/b/a TOWNHOUSE RESTAURANT) PETER APESSOS, and JUSTIN CRUZ

             *Defendants.*

------------------------------------x

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK   )
                         : ss.:
COUNTY OF             )

      PETER APESSOS, being duly sworn, deposes and says:

1.    I reside in Suffolk County.

2.    This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of that certain Settlement Agreement and Release (the "Agreement") by and between Octavio Gonzalez ("Plaintiff") and Two Peters Deli of Smithtown Inc. (d/b/a Townhouse Restaurant), Peter Apessos and Justin Cruz (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, which provides that Defendants are obligated to pay a total sum of $42,000 to Plaintiff, by and through his attorney, Michael Faillace & Associates, P.C., attention Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165.

3.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Agreement.

{continued next page}

4. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for $42,000 (less any amounts already paid to Plaintiff pursuant to the above schedule), times 125%, against me, Peter Apessos.

By: _____
PETER APESSOS

Sworn to before me this
24th day of April 2018

_____
Notary Public

PAUL GONZALEZ
Notary Public, State of New York
No. 01GO6318196
Qualified in Suffolk County
Commission Expires Jan. 20, 2019

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------x

OCTAVIO GONZALEZ, *individually and on behalf of others similarly situated*,

                *Plaintiff*,

-against-

TWO PETERS DELI OF SMITHTOWN INC. (d/b/a TOWNHOUSE RESTAURANT) PETER APESSOS, and JUSTIN CRUZ

                *Defendants*.

------------------------------------x

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK   )
                            : ss.:
COUNTY OF             )

        JUSTIN CRUZ, being duly sworn, deposes and says:

        1.     I reside in _Bronx_ County.

        2.     This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of that certain Settlement Agreement and Release (the "Agreement") by and between Octavio Gonzalez ("Plaintiff") and Two Peters Deli of Smithtown Inc. (d/b/a Townhouse Restaurant), Peter Apessos and Justin Cruz (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, which provides that Defendants are obligated to pay a total sum of $42,000 to Plaintiff, by and through his attorney, Michael Faillace & Associates, P.C., attention Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165.

        3.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Agreement.

{continued next page}

4. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for $42,000 (less any amounts already paid to Plaintiff pursuant to the above schedule), times 125%, against me, Justin Cruz.

By: _____
JUSTIN CRUZ

Sworn to before me this
24th day of April 2018

_____
Notary Public

MINERVA GORDIAN
Notary Public, State of New York
No. 01GO5870819
Qualified in Bronx County
Commission Expires May 31, 2018